UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MOISES ORTEGA,

                  Plaintiff,

-v-

ARNOLD & MARIE SCHWARTZ HALL OF
DENTAL SCIENCES, *et al.*,

                  Defendants.

No. 13-cv-9155 (RJS)
OPINION AND ORDER

RICHARD J. SULLIVAN, District Judge:

    Plaintiff Moises Ortega, proceeding *pro se*, brings this action alleging that Defendants failed to provide him with (1) a sign language interpreter when he sought dental treatment at the New York University College of Dentistry (the "College"), and (2) adequate representation and translation services during a hearing before the New York State Division of Human Rights ("NYSDHR"). The Defendants remaining in this action are (1) the College and three of its employees – Evelyn Abaka, Francis V. Panno, and Ira Beresnoy (collectively, the "NYU Defendants"), and (2) Sandrea Thomas O'Neil, an attorney for the NYSDHR ("Defendant O'Neil," and with the NYU Defendants, "Defendants"). Now before the Court are the NYU Defendants' and Defendant O'Neil's respective motions to dismiss the Amended Complaint. (Doc. Nos. 40 and 49.) For the reasons set forth below, the Court dismisses the Amended Complaint in its entirety because Plaintiff's federal claims are time-barred and the Court declines to exercise supplemental jurisdiction over any potential state law claims.

I. BACKGROUND[1]

From May 2002 through July 2005, Plaintiff – who is deaf – received dental treatment from the NYU Defendants. (Doc. No. 6. ("Am. Compl.") at 2–3.) In June 2005, Plaintiff filed an administrative complaint with the NYSDHR, asserting a discrimination claim against the NYU Defendants based on their alleged failure to provide Plaintiff with a sign language interpreter during his dental treatment. (*Id.* at 4; *see also id.* at 3.) In July 2007, following an investigation of Plaintiff's allegations by the NYSDHR, a two-day public hearing was held before an administrative law judge ("ALJ") regarding the discrimination claim alleged in the administrative complaint. (*See id.* at 3.) Pursuant to N.Y. Exec. Law § 297(4)(a), which, as relevant, provides that "[t]he case in support of [an administrative] complaint" filed with the NYSDHR "shall be presented by one of the attorneys or agents of the [NYSDHR]," Defendant O'Neil – as an attorney for the NYSDHR – presented Plaintiff's complaint to the ALJ at the hearing (Am. Compl. at 3; O'Neil Br. at 2). N.Y. Exec. Law § 297(4)(a); *see also* 9 N.Y.C.R.R. § 465.13(d)(l) ("If the complainant is not represented by an attorney, the case in support of the complaint shall be presented before the administrative law judge by the [NYSDHR's] agent or attorney. However, such agent or attorney shall not have an attorney-client relationship with the complainant."). On November 8, 2007, the ALJ dismissed Plaintiff's administrative complaint, finding that there was "no evidence that [the College] ever denied [Plaintiff] dental services because of his disability";

---

[1] The facts set forth here are drawn from the factual allegations in the Amended Complaint (Doc. No. 6), which the Court assumes to be true and liberally construes in Plaintiff's favor for the purpose of deciding Defendants' motions. *See Harris v. Miller*, --- F.3d ----, No. 14-2957, 2016 WL 963904, at *3 (2d Cir. Mar. 15, 2016) ("courts should liberally construe pleadings and briefs submitted by *pro se* litigants, reading such submissions to raise the strongest arguments they suggest" (citation omitted)); *Merch. House Inc. v. Am. Steamship Owners Mut. Prot. & Indem. Ass'n, Inc.*, No. 12-cv-6982 (RJS), 2013 WL 3270331, at *2 (S.D.N.Y. May 31, 2013) ("In reviewing a Rule 12(b)(6) motion . . . , a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff." (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007))). In addition, in resolving these motions, the Court also considered the briefs (Doc. Nos. 41 ("NYU Br.") and 50 ("O'Neil Br.")), declaration (Doc. No. 51), and exhibits (Doc. No. 41, App'x 1–2 and Doc. No. 51, Exs. A–B) submitted by Defendants in support of their motions.

to the contrary, "the evidence proffered [established] that [Plaintiff] was treated when he sought dental services." (Doc. No. 41, App'x 1 (Notice and Final Order filed in *Ortega v. N.Y. Univ. Coll. of Dentistry*, No. 10106214 (NYSDHR), dated Nov. 8, 2007).) In addition, the ALJ also determined that the College's failure to provide Plaintiff with a sign language interpreter during one of his dental appointments did not give rise to a discrimination claim against the College. (*Id.*) Thereafter, Plaintiff filed an Article 78 appeal of the ALJ's decision. (*See* Doc. No. 41, App'x 2 (Decision and Order filed in *Ortega v. N.Y. State Div. Human Rights*, No. 406847/2007 (N.Y. Sup. Ct.), dated July 14, 2008); *see also* Am. Compl. at 4; Doc. No. 4 (Order to Amend) at 2 n.1.) On July 14, 2008, the New York State Supreme Court dismissed Plaintiff's Article 78 appeal for failure to prosecute. (*See* Doc. No. 41, App'x 2.)

On December 26, 2013, Plaintiff commenced this action by filing an initial complaint against the College, re-alleging the same discrimination claim set forth in his administrative complaint, and also asserting that he received inadequate translation services during, and was inadequately represented by Defendant O'Neil at, the administrative hearing. (Doc. No. 2.) On January 6, 2014, the Honorable Loretta A. Preska, Chief District Judge, issued an order granting Plaintiff's request to proceed *in forma pauperis*. (Doc. No. 3.) Thereafter, on February 14, 2014, Chief Judge Preska issued an order directing Plaintiff to file an amended complaint within 60 days given the significant deficiencies in the original pleading, including that the claims set forth therein were likely barred by doctrines that prevent federal courts from reviewing state court proceedings and decisions. (Doc. No. 4.) On March 19, 2014, Plaintiff filed the Amended Complaint. (Doc. No. 6.) However, other than naming some additional Defendants, including the ALJ, the Amended Complaint is substantially the same as Plaintiff's initial pleading. (*Id.* at 2–3.) The case was reassigned to this Court's docket on April 14, 2014. (Dkt. Entry, dated Apr. 14, 2014.) On April 16, 2014, pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court dismissed Plaintiff's claims against the

3

ALJ under the doctrine of judicial immunity and ordered Plaintiff to effectuate service of the Amended Complaint on the remaining Defendants. (Doc. No. 9.) All but one Defendant were served as of June 2014. (*See* Doc. Nos. 26–32.) Defendant O'Neil was finally properly served on February 13, 2015. (*See* Doc. No. 46.)

On March 2, 2015, the NYU Defendants filed a motion to dismiss the Amended Complaint on *res judicata* and timeliness grounds. (Doc. No. 40.) Thereafter, Plaintiff failed to file a timely response by his April 2, 2015 deadline (*see* Doc. No. 39), although he subsequently submitted an "affidavit" to the Court requesting *pro bono* counsel on April 13, 2015 (Doc. No. 54). On April 17, 2015, the Court issued an order denying Plaintiff's request for *pro bono* counsel without prejudice to renewal; in addition, the Court, *sua sponte*, extended Plaintiff's time to respond to the NYU Defendants' motion to April 30, 2015. (Doc. No. 55.)

Meanwhile, on March 30, 2015, Defendant O'Neil filed a motion to dismiss the Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and on timeliness and prosecutorial immunity grounds. (Doc. No. 49.) Again, Plaintiff failed to file a timely response. Indeed, to date, Plaintiff has not responded to either one of Defendants' motions.[2]

## II. LEGAL STANDARD

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "provide the grounds upon which [the] claim rests." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007). To meet this standard, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable

---

[2] Defendants' April 22, 2015 letter (Doc. No. 57) memorializes Defendants' efforts to serve hard copies of their motions and supporting papers on Plaintiff at the following address: 304 Willis Avenue, Apt. 3C, Bronx, New York 10454. While there is some question as to whether Plaintiff still resides at that address, the Court notes that it is Plaintiff's obligation to ensure that the contact information the Court has on file for him is current and accurate. To date, the address above is the only address that Plaintiff has provided to the Court in this case; in fact, Plaintiff listed this as his address in his most recent submission to the Court on April 13, 2015. (*See* Doc. No. 54.)

inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing a Rule 12(b)(6) motion to dismiss, a court must accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *ATSI Commc'ns*, 493 F.3d at 98. That tenet, however, "is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. Likewise, a court need not credit "legal conclusions, deductions or opinions couched as factual allegations." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007) (citation omitted). Thus, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. If the plaintiff "ha[s] not nudged [his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Id.* at 570. Moreover, although *pro se* filings are read liberally and must be interpreted "to raise the strongest arguments that they suggest," *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006) (citation omitted), a *pro se* complaint must still "plead sufficient facts 'to state a claim to relief that is plausible on its face,'" *Mancuso v. Hynes*, 379 F. App'x 60, 61 (2d Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Iqbal* and *Twombly* to *pro se* complaint).

### III. DISCUSSION

As an initial matter, the Court notes that the Amended Complaint is missing basic information that Plaintiff was required to include pursuant to Chief Judge Preska's February 14, 2014 order, including "the date, time and location of each [relevant] event," and the statutory basis for the "relief the Plaintiff seeks from the Court." (Doc. No. 4.) Indeed, the Amended Complaint is barely comprehensible without the context provided by Defendants' submissions. Accordingly, at the outset, the Court finds that there is a serious question as to whether Plaintiff has pled "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

Nevertheless, to the extent that the Amended Complaint is decipherable, the Court liberally construes it to allege claims for damages based on Defendants' alleged failure to provide Plaintiff with adequate translation services at the College and at the NYSDHR hearing in violation of (1) Title II of the Americans with Disabilities Act (the "ADA"), 42 U.S.C. § 12101 *et seq.*, (2) Section 504 of the Rehabilitation Act of 1973 (the "Rehabilitation Act"), 29 U.S.C. § 794, and (3) 42 U.S.C. § 1983. (*See* Am. Compl. at 3–5.) In addition, the Court liberally construes the Amended Complaint to assert a claim for legal malpractice under New York law against Defendant O'Neil based on her alleged inadequate representation of Plaintiff at the NYSDHR administrative hearing. (*See id.* at 3.) For the reasons set forth below, the Court dismisses Plaintiff's claims. Specifically, the Court finds that Plaintiff's federal claims are time-barred and, with respect to the NYU Defendants, are also precluded under the doctrine of *res judicata*. As for any potential state law claims, these too are likely time-barred, but the Court declines to exercise supplemental jurisdiction over them and thus the Court dismisses them for that reason.[3]

## A. Statute of Limitations

Defendants argue that all of Plaintiff's claims are time-barred and thus must be dismissed. The Court agrees. It is well established in this Circuit that claims brought under the ADA, the Rehabilitation Act, and § 1983 are governed by New York's three-year statute of limitations for personal injury actions. *See, e.g.*, *Stropkay v. Garden City Union Free Sch. Dist.*, 593 F. App'x 37, 41 (2d Cir. 2014) ("Plaintiffs . . . brought suit under the ADA, Rehabilitation Act, and § 1983, all of which have three year statutes of limitations in these circumstances." (citing N.Y. CPLR § 214(5))); *see also Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002) (noting that the

---

[3] Because the Court finds that Plaintiff's federal claims must be dismissed on timeliness and *res judicata* grounds, and that the state law claims must be dismissed for lack of supplemental jurisdiction, the Court need not address Defendants' alternative arguments for dismissal or specifically identify other potential state law claims alleged in the Amended Complaint.

"applicable limitations period" for § 1983 claims is "three years" (citations omitted)); *Piazza v. Fla. Union Free Sch. Dist.*, 777 F. Supp. 2d 669, 687 (S.D.N.Y. 2011) ("Rehabilitation Act claims in New York are governed by New York's three-year statute of limitations governing personal injury actions."). As for when claims under these statutes accrue, federal law "governs th[at] question." *Morse v. Univ. of Vt.*, 973 F.2d 122, 125 (2d Cir. 1992) (citation omitted). "Under federal law, a claim accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Id.* (citations omitted). With respect to determining "the timing of accrual in the context of discrimination claims, the Supreme Court has instructed that 'the proper focus is on the time of the *discriminatory* act, not the point at which the *consequences* of the act become painful.'" *Id.* (quoting *Chardon v. Fernandez*, 454 U.S. 6, 8 (1981)).

Here, the allegedly discriminatory act giving rise to Plaintiff's claims against the NYU Defendants – that is, the failure to provide Plaintiff with a sign language interpreter during his dental treatment at the College – took place between May 2002 and July 2005. (Am. Compl. at 2.) As for Plaintiff's claims against Defendant O'Neil, the relevant acts occurred during the NYSDHR hearing on July 23 and 24, 2007. (*Id.* at 3.) Accordingly, any ADA, Rehabilitation Act, and § 1983 claims arising from these events accrued, at the latest, in July 2005 with respect to the NYU Defendants, and on July 24, 2007 with respect to Defendant O'Neil. Moreover, the prior state court proceeding regarding Plaintiff's administrative complaint ended on July 14, 2008, when the New York State Supreme Court dismissed Plaintiff's Article 78 appeal for failure to prosecute. (*See* Doc. No. 41, App'x 2.) Thus, even if Plaintiff were to argue that the limitations period did not begin to run until after the dismissal of his Article 78 appeal – and the Court finds no authority to support this view – Plaintiff's claims still would have accrued no later than July 14, 2008. Plaintiff, however, did not initiate this action until December 26, 2013, more than three years after the alleged discriminatory conduct occurred. (*See* Doc. No. 2.) Therefore, Plaintiff's claims are

clearly barred by the applicable statute of limitations. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (discriminatory acts are "not actionable if time barred"); *see, e.g., Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d Cir. 2015) (affirming district court's dismissal of plaintiff's ADA and Rehabilitation Act claims on the ground that they were time-barred under the applicable three-year statute of limitations); *Smith v. Masterson*, No. 05-cv-2897 (RWS), 2006 WL 2883009, at *9 (S.D.N.Y. Sept. 29, 2006) (dismissing § 1983 claims as time-barred where defendant's alleged refusal to provide "reasonable accommodations for [plaintiff's] hearing impairment" occurred more than three years before plaintiff filed his complaint). Moreover, Plaintiff does not offer any facts to suggest that the doctrine of equitable tolling should be applied here to extend the limitations period for Plaintiff's claims. *See Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (explaining that equitable tolling is only warranted where a plaintiff establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" (citation omitted)). Accordingly, the Court finds that Plaintiff's federal claims must be dismissed.

B. Res Judicata

In addition, the Court finds that Plaintiff's claims against the NYU Defendants are barred under the doctrine of *res judicata*, since Plaintiff previously litigated the same discrimination issue against the College in the state court Article 78 proceeding regarding Plaintiff's administrative complaint.

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). It is well settled that "federal courts [are] to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr.*,

clearly barred by the applicable statute of limitations. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002) (discriminatory acts are "not actionable if time barred"); *see, e.g., Bond v. Conn. Bd. of Nursing*, 622 F. App'x 43, 44 (2d Cir. 2015) (affirming district court's dismissal of plaintiff's ADA and Rehabilitation Act claims on the ground that they were time-barred under the applicable three-year statute of limitations); *Smith v. Masterson*, No. 05-cv-2897 (RWS), 2006 WL 2883009, at *9 (S.D.N.Y. Sept. 29, 2006) (dismissing § 1983 claims as time-barred where defendant's alleged refusal to provide "reasonable accommodations for [plaintiff's] hearing impairment" occurred more than three years before plaintiff filed his complaint). Moreover, Plaintiff does not offer any facts to suggest that the doctrine of equitable tolling should be applied here to extend the limitations period for Plaintiff's claims. *See Diaz v. Kelly*, 515 F.3d 149, 153 (2d Cir. 2008) (explaining that equitable tolling is only warranted where a plaintiff establishes "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" (citation omitted)). Accordingly, the Court finds that Plaintiff's federal claims must be dismissed.

B. Res Judicata

In addition, the Court finds that Plaintiff's claims against the NYU Defendants are barred under the doctrine of *res judicata*, since Plaintiff previously litigated the same discrimination issue against the College in the state court Article 78 proceeding regarding Plaintiff's administrative complaint.

Under the doctrine of *res judicata*, or claim preclusion, "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). It is well settled that "federal courts [are] to give the same preclusive effect to state court judgments that those judgments would be given in the courts of the State from which the judgments emerged." *Kremer v. Chem. Constr.*,

*Corp.*, 456 U.S. 461, 466 (1982). Accordingly, because Plaintiff first litigated his discrimination claim against the NYU Defendants in New York state court, the Court must "look to the law of New York regarding *res judicata*" for purposes of determining the preclusive effect of the Article 78 proceeding on this litigation. *Ferris v. Cuevas*, 118 F.3d 122, 126 (2d Cir. 1997) (applying New York law regarding *res judicata* where prior action was in New York state court).

Under New York law, a claim is precluded by a prior litigation "if both causes of action are grounded on the same gravamen or are part of the same 'factual grouping,' even if the later claim is brought under a different legal theory of recovery." *Kirkland v. City of Peekskill*, 828 F.2d 104, 110 (2d Cir. 1987). Thus, if a complaint filed in federal court is "clearly based on the same series of events and the same allegations of discriminat[ion] which formed the basis of [a prior] NYSDHR complaint[]," then the former is precluded by the latter under the doctrine of *res judicata. Id.* Furthermore, "[i]n its modern form, the principle of privity bars relitigation of the same cause of action against a new defendant known by a plaintiff at the time of the first suit where the new defendant has a sufficiently close relationship to the original defendant to justify preclusion." *Cent. Hudson Gas & Elec. Corp. v. Empresa Naviera Santa S.A.*, 56 F.3d 359, 367–68 (2d Cir. 1995). Employers and their employees have a "sufficiently close relationship" to justify such preclusion. *See, e.g., Alaimo v. Gen. Motors Corp.*, No. 07-cv-7624 (KMK) (MDF), 2008 WL 4695026, at *2, 5 (S.D.N.Y. Oct. 20, 2008) (action against employees was precluded by prior state court action alleging same claims against employer).

Here, the New York State Supreme Court dismissed Plaintiff's Article 78 appeal regarding his administrative complaint against the College for failure to prosecute. For purposes of *res judicata*, this dismissal is a final decision on the merits. *See Matter of Crescenzi*, 64 N.Y.2d 774, 774 (1985) ("Dismissal of the appeal taken as of right for lack of prosecution was a determination on the merits of all claims which could have been litigated had that appeal been timely argued or

submitted."); *see also Peavey v. Polytechnic Inst. of N.Y.*, 768 F. Supp. 35, 36, 37 (E.D.N.Y. 1990) (concluding that "the prior [state court] decision dismissing the [plaintiff's] appeal of [the NYSDHR's] administrative ruling" for "want of a timely prosecution" "bar[s] [the] litigation here"; "[t]he fact that plaintiff's complaint was dismissed for failure to prosecute, rather than after a hearing on the merits, does not [change the analysis]"); *cf. Bray v. N.Y. Life Ins.*, 851 F.2d 60, 61 (2d Cir. 1988) (affirming dismissal of "plaintiff's federal court claims brought under Title VII and 42 U.S.C. § 1981" on *res judicata* grounds because those claims were "preclude[d]" by the prior "state court judgment dismissing plaintiff's [untimely] petition for review of the NYSDHR determination"); *Kirkland*, 828 F.2d at 105 (*res judicata* applied to racial discrimination claim under § 1981 where state court had previously reviewed NYSDHR ruling under Article 78).

Moreover, with respect to the NYU Defendants, Plaintiff's prior administrative complaint and the Amended Complaint in this action stem from the same set of events and assert the same allegations of discrimination. Although this federal action names individual defendants not named in the state court action, that does not change the preclusive effect of the latter, since the individual defendants are all employees of the College – the named defendant in the state court action – and were known to Plaintiff at the time that he filed his administrative complaint. Therefore, these new defendants have "a sufficiently close relationship to the original defendant to justify preclusion." *Cent. Hudson Gas & Elec. Corp.*, 56 F.3d at 368. Accordingly, since Plaintiff's claims against the NYU Defendants are based on the same set of facts underlying the prior state court proceeding against the College, *res judicata* bars this federal action with respect to the NYU Defendants, even though Plaintiff's claims against them contain new legal theories. *See, e.g., Yong Chul Son v. Chu Cha Lee*, 559 F. App'x 81, 83 (2d Cir. 2014) (affirming district court's dismissal of plaintiff's federal claims under Title VII and the ADA on the ground that they were barred by *res judicata* because of the New York State Supreme Court's prior order dismissing similar

claims); *Rullan v. N.Y.C. Dep't of Sanitation*, No. 10-cv-8079 (RPP), 2011 WL 1833335 (S.D.N.Y. May 12, 2011) (finding that plaintiff's Title VII and ADA claims were precluded by prior state court action brought under New York State Human Rights Law where federal litigation was based on the same factual allegations).

C. State Law Claims

Having dismissed Plaintiff's federal claims in this case, the Court declines to exercise supplemental jurisdiction over any potential state law claims alleged in the Amended Complaint, including the legal malpractice claim against Defendant O'Neil, and thus dismisses those claims as well. *See* 28 U.S.C. § 1367(c)(3) ("[A] district court may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction."); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("[I]f the federal law claims are dismissed before trial . . . the state claims should be dismissed as well."); *Prado v. City of New York*, No. 12-cv-4239 (RJS), 2015 WL 5190427, at *6 (S.D.N.Y. Sept. 3, 2015) ("'[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of [relevant] factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'" (quoting *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988))).[4]

D. Leave to Amend

Finally, although Plaintiff has not requested leave to amend his Amended Complaint, the Court will nevertheless consider whether such leave should be granted. The Second Circuit has

---

[4] Even if the Court were to entertain Plaintiff's legal malpractice claim against Defendant O'Neil, the Court would nevertheless dismiss it as time-barred. *See MIG, Inc. v. Paul, Weiss, Rifkind, Wharton & Garrison, L.L.P.*, 701 F. Supp. 2d 518, 524 (S.D.N.Y. 2010) ("New York's statute of limitations for legal malpractice is three years." (citing N.Y. C.P.L.R. § 214(6))), *aff'd*, 410 F. App'x 408 (2d Cir. 2011). In addition, the Court finds that the claim would also have to be dismissed pursuant to Rule 12(b)(6) for failure to state a claim because Plaintiff cannot establish the existence of an attorney-client relationship – a necessary element of a legal malpractice claim under New York law, *see Hanlin v. Mitchelson*, 794 F.2d 834, 838 (2d Cir. 1986) – between Plaintiff and Defendant O'Neil in the context of the administrative hearing, *see* 9 N.Y.C.R.R. § 465.13(d)(l) (NYSDHR attorney who presents a case in support of an administrative complaint at a NYSDHR hearing "shall not have an attorney-client relationship with the complainant").

11

cautioned district courts not to "dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). A court, however, may dismiss a *pro se* complaint without leave to re-plead "when amendment would be futile." *Tocker v. Philip Morris Cos., Inc.*, 470 F.3d 481, 491 (2d Cir. 2006) (citing *Ellis v. Chao*, 336 F.3d 114, 127 (2d Cir. 2003)).

Here, Plaintiff has already had an opportunity to amend and the Court finds that a second amendment would be futile because the Amended Complaint, "liberal[ly] read," does not suggest that Plaintiff "has a claim that [he] has inadequately or inartfully ple[d] and that [he] should therefore be given a chance to reframe." *Cuoco*, 222 F.3d at 112. Indeed, Plaintiff's claims are not susceptible to cure because, regardless of how they are pled, they are time-barred and otherwise precluded by the doctrine of *res judicata*. *See, e.g.*, *Young Chul Son v. Greenland Produce & Grocery, Inc.*, No. 11-cv-9533 (PGG), Doc. No. 28 at 11–12 (S.D.N.Y. Mar. 11, 2013) (concluding that amendment would be futile because ADA and other federal claims were precluded on *res judicata* grounds and state and local law claims were barred by election of remedies doctrine – "obstacles" that "cannot be overcome by re-pleading"), *aff'd*, *Yong Chul Son*, 559 F. App'x at 83 (affirming district court's finding that "amendment would have been futile" for "[s]ubstantially" the same "reasons set forth in the [d]istrict [c]ourt's order"). Accordingly, the Court declines to grant Plaintiff a second chance to amend.

### IV. CONCLUSION

For the reasons stated above, Defendants' motions to dismiss are GRANTED. Accordingly, IT IS HEREBY ORDERED THAT the Amended Complaint is dismissed in its entirety, without leave to amend, which would be futile.

The Clerk of the Court is respectfully directed to mail a copy of this Order to Plaintiff at the following address: Moises Ortega, 304 Willis Avenue, Apt. 3C, Bronx, New York 10454. In addition, the Clerk of the Court is respectfully directed to terminate the motions pending at docket entries 40 and 49 and to close this case.

SO ORDERED.

Dated:     March 21, 2016
           New York, New York

RICHARD J. SULLIVAN
UNITED STATES DISTRICT JUDGE